M. FRANCIS WAGER, Appellant,· *v.* THOMAS B. LINK, Respondent.

K., who held the title to certain premises subject to the lien of a mortgage, executed to the mortgagor a bond by which he obligated himself to pay any deficiency arising on foreclosure of the mortgage. K. conveyed the premises to defendant L., who, by his deed, assumed and agreed to pay the mortgage, which the deed stated was held and owned by plaintiff, and the amount of which was reserved as a portion of the consideration. In an action to foreclose the mortgage, *held*, that plaintiff was entitled to judgment against L. for any deficiency; that L.'s covenant to pay the mortgage might be regarded as indemnity to K., and to that extent he stood in the relation of surety to the latter, and for the purpose of relief, founded upon the doctrine of equitable subrogation, might be so treated by the plaintiff; also that L.'s promise to K. was for the benefit of plaintiff, and had the requisite consideration to support it.

The judgment below was in favor of L., holding that he was not liable for the deficiency. *Held*, that it was reviewable here; that such portion of the judgment was not interlocutory, but final.

In foreclosure actions the question of liability for a deficiency must be determined by the judgment.

*It seems* the liability of a grantor of mortgaged premises to pay a mortgage thereon is essential to the creation of a liability on the part of his grantee under an assumption of the mortgage by the latter, and it is also essential that the deed be effectual to convey the title to such grantee.

Reported below, 58 Hun, 272.

(Argued May 6, 1892; decided May 31, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made December 12, 1890, which affirmed a judgment in favor of defendant Link entered upon the report of a referee.

This action was brought against James E. Sully, Edward P. Sully, the defendant Link and others to foreclose a mortgage of date February 10, 1869, made by the defendants Sully to the plaintiff upon certain land to secure the payment of $5,750 in fifteen years from April 1, 1869, and interest semi-annually, according to the condition of a bond of the same date made by those defendants.

The bond and mortgage were made to secure the payment

of that amount of the purchase-money of the land then conveyed by the plaintiff to the defendant Jennie Sully by warranty deed, consideration $8,750. On June 16, 1873, the defendants Sully conveyed the premises to Giles B. Kellogg by quit-claim deed, consideration $2,500. And on February 17, 1874, Kellogg made and delivered to the plaintiff his bond, of which the following is a copy:

" Know all men by these presents that I, Giles B. Kellogg, of the city of Troy, in the county of Rensselaer and state of New York, the obligor herein, am held and firmly bound unto M. Francis Wager, of the same place, the said obligee herein, in the sum of $10,000, to be paid to the said obligee or to his certain attorney, executors, administrators or assigns. For which payment well and truly to be made, I bind myself and my heirs, executors or administrators jointly and severally firmly by these presents. Sealed this 17 day of February, 1874.

" The condition of this obligation is such that if the above-bounden obligor, his heirs, executors or administrators, shall and do well and truly pay, or cause to be paid, unto the above-named obligee, his certain attorney, executors, administrators or assigns, the sum of $5,750 in fifteen years from April 1, 1869, with interest, payable semi-annually from October 1, 1872, on each and every first day of April and October, with the privilege to the said obligor of paying not less than $500 nor more than $1,000 on any first day of October, on giving three months' previous notice of his intention so to do (this bond being given as collateral to a bond and mortgage for $5,750, executed by Jennie E. Sully and Edward P. Sully, her husband, to said obligee, dated February 10, 1869, and the said obligor having become the owner of the mortgaged premises in case of default in the payment of said interest or principal, the said obligor or his assigns shall exhaust his remedy against the mortgaged premises before enforcing this bond), without fraud or delay, then the preceding obligation to be void, otherwise to remain in full force and virtue.        GILES B. KELLOGG. [L. S.] "

By warranty deed of date March 30, 1875, consideration $10,000, Kellogg and his wife conveyed the premises to the defendant Link " subject to the payment by the party of the second part of a mortgage on said premises held and owned by M. Francis Wager for $5,750, with interest from April 1, 1875, payable semi-annually, which said mortgage with interest as aforesaid the said party of the second part hereby assumes and agrees to pay as a part of the purchase-money of said premises, and the amount of which mortgage constitutes a part of the said sum of $10,000, the consideration named in this deed."

As part of the relief sought by the plaintiff, he demanded judgment against the defendant Link for any deficiency that might remain after application of the proceeds of sale to the payment of the amount due on the mortgage. Kellogg was not made a party. None of the defendants other than Link defended. The referee determined that the defendant Link was not chargeable for deficiency. And judgment was entered for foreclosure of the mortgage by sale of the premises, and in favor of the defendant Link upon the issue made by his answer.

*E. R. Harder* for appellant.

*Charles E. Patterson* for respondent.

B RADLEY, J. The question here is whether ·or not the relation of the defendant Link to the obligation to pay the mortgage debt or any deficiency which would remain after application to it of the proceeds of sale, was such as to support the charge of liability made and relief sought against him in this action. The conveyance of the premises by the Sullys to Kellogg was accompanied by no undertaking on his part to pay the mortgage made by them to the plaintiff. Afterwards and while he held the title, his liability was created by his bond given to the plaintiff, and by its terms the land was made the primary fund, and his personal liability

was dependent upon and for such deficiency. It is for that reason urged that Kellogg never undertook to pay the mortgage debt, and as the consequence no such obligation was assumed by the defendant. So far as the obligation in such case is dependent upon the doctrine of equitable subrogation, the liability of the grantor is essential to the creation of that of the grantee by the terms of the assumption on his part in the granting instrument. (*Trotter* v. *Hughes*, 12 N. Y. 74; *Vrooman* v. *Turner*, 69 id. 280.) And it is also essential that the deed be effectual to convey the title to the grantee else it may be said that the relation of principal and surety between the parties to the deed does not arise, because the grantee takes nothing from his grantor in support of the assumption for that purpose or which as between them places such parties in that relation to the debt. (*Garnsey* v. *Rogers*, 47 N. Y. 233; *Pardee* v. *Treat*, 82 id. 385; *Root* v. *Wright*, 84 id. 72; *Dunning* v. *Leavitt*, 85 id. 30.)

The deed from Kellogg to the defendant conveyed the title, and the latter by its terms, ample for the purpose, assumed the payment of the mortgage. This may be treated as indemnity to his grantor against any liability he had before then incurred in that respect. And it is not important for this purpose that the obligation of Kellogg arose out of an assumption subsequent to, instead of at the time he took the title which he conveyed to the defendant. His liability was to pay so much of the mortgage debt as should constitute the deficiency. And for the purpose of charging him to that extent, he may properly have been made a party defendant in the foreclosure action. (*Luce* v. *Hinds*, Clarke, 453; *Curtis* v. *Tyler*, 9 Paige, 432.)

Although this may be so as against Kellogg, it is urged that the undertaking of the defendant is not available to the plaintiff because (1) The grantor of the defendant was not the principal debtor, and (2) It does not appear that the defendant's undertaking in the deed was made or intended for the benefit of the plaintiff. The latter proposition, which will have further consideration, has no necessary application

to the subject of equitable subrogation, through which the creditor takes the benefit of securities received by the person having, in respect to the debt, the relation of surety to him from whom they are taken. Then, for the purposes of the remedy, they are treated as trusts for the further security of the debt, and the relief as to them in equity is by way of the execution of such trusts in behalf of the creditor. ( *Vail* v. *Foster*, 4 N. Y. 312.) The defendant's grantor, holding the title to the property which was charged with the lien of the mortgage, added to it his personal liability for the deficiency. This was furnished by his bond to the plaintiff, and so far as appears by the findings of the referee and indicated by his refusal to find to the contrary, the bond was given pursuant to an understanding exclusively between him and the plaintiff and for the benefit of the latter and without any undertaking to or request of the Sullys to do so. It was in practical effect an obligation of Kellogg that the entire mortgage debt should be paid, treating the premises so held by him and covered by the mortgage as the primary fund for the purpose.

When the defendant took from Kellogg the conveyance of the property and assumed the payment of the mortgage debt, for which he reserved an equivalent portion of the consideration, his obligation as between him and his grantor was primary so far as the latter was personally liable for it. This as it was may be regarded as indemnity to him for the obligation he had voluntarily assumed in respect to the debt, and to that extent as between them they had the relation of principal and surety, and for the purpose of relief founded upon the doctrine of equitable subrogation they may be so treated by the plaintiff. ( *Halsey* v. *Reed*, 9 Paige, 446.) And within that principle the defendant was chargeable with the deficiency and for such purpose was properly made a party defendant in this action.

The action as against the defendant may, we think, be maintained on the broader ground that his promise was made to Kellogg for the benefit of the plaintiff, and had the requisite consideration for its support. There was no qualification of

the liability assumed by him, making it dependent upon any condition. His grantor placed in his hands a fund treated equal to the amount of the mortgage debt, and upon that consideration the assumption appearing by the terms of the deed was made, and by it the defendant agreed to pay the mortgage "held and owned" by the plaintiff. This appears to have been, and it was a promise made by the defendant to Kellogg for the benefit of the plaintiff. It was made upon a consideration by which he was equipped with a fund for the purpose, and its performance would discharge his grantor from a personal obligation assumed by him to the plaintiff. This would seem to bring the defendant's undertaking or promise thus made within the principle requisite to the support of the liability of the defendant to the plaintiff. (*Lawrence* v. *Fox*, 20 N. Y. 268; *Burr* v. *Beers*, 24 id. 178; *Thorp* v. *Keokuk Coal Co.*, 48 id. 253; *Schley* v. *Fryer*, 100 id. 71.)

It would have been otherwise if the title to the land had not passed to the defendant. But as it did the obligation of the grantor in respect to the mortgage debt as between them became that of the defendant, his grantee. (*Pardee* v. *Treat*, 82 N. Y. 385.)

The suggestion that the defendant did not intend that his covenant should inure to the benefit of the plaintiff, because when made he was not advised of the bond of Kellogg to the plaintiff, may be met by the fact that his undertaking was to pay the mortgage of which the plaintiff was represented as the holder and owner, and it was broad enough to embrace the entire amount, in the event the liability of his grantor had been such as to make the covenant essentially necessary for that purpose.

The conclusion is that defendant was chargeable in the action for any deficiency that might arise from the foreclosure and sale.

The appeal to this court so far as it was from the judgment entered on the decision of the General Term was properly taken. In foreclosure actions the payment of a deficiency that may arise is awarded by the judgment entered prior to the

sale and by which it is directed. The judgment entered upon the report of the referee in the present case was not an interlocutory but a final adjudication for the purposes of the question raised here in that respect. (Code, §§ 1626, 1627; *Morris* v. *Morange*, 38 N. Y. 172.) And the question of liability for deficiency must be determined by the judgment of foreclosure and sale. The objection raised to the appeal is, therefore, not well taken. The judgment in favor of the defendant Link against the plaintiff should be reversed and a new trial granted of the issue raised by his answer, costs to abide the event.

All concur, except LANDON, J., not sitting.

Judgment reversed.