M. FRANCIS WAGER, Respondent, *v.* THOMAS B. LINK, Appellant, Impleaded with JENNIE E. SULLY, EDWARD P. SULLY, ABRAM L. SCHERMERHORN, JOHN S. BAKER and WILLIAM VAN ALLEN, Defendants.

1. EQUITABLE SUBROGATION — LIABILITY FOR MORTGAGE DEBT. Where the grantor of a deed containing a personal covenant between him and the grantee, whereby the grantee assumes the payment of an outstanding mortgage, is personally liable for the mortgage debt, equity treats the covenant as one for indemnity to the grantor and the grantee as a surety for the grantor against his liability for the debt, of which relation the mortgagee may avail himself, under the doctrine of equitable subrogation that a creditor is entitled to the benefit of a collateral obligation for the payment of the debt, received by one himself liable therefor, from a person who had undertaken to indemnify the former against his liability.

2. LIABILITY TO MORTGAGEE FOR MORTGAGE DEBT, CREATED BY INDEPENDENT TRANSACTION. The personal liability of the grantor of mortgaged premises, acquired by him from the mortgagor, for the pay-

ment of the outstanding mortgage debt, which will support the equitable subrogation of the mortgagee to the benefit of a covenant made to such grantor by his grantee to assume payment of the mortgage, need not be created by his deed from the mortgagor nor by agreement with the mortgagor, but may be created by an independent writing, such as a bond given by such grantor to the mortgagee, subsequently to acquiring the mortgaged premises, binding himself to pay any deficiency in the mortgage debt after the remedy against the land should be exhausted.

3. PLEADING — ALLEGATION AND PROOF. In a complaint for the foreclosure of a mortgage, the allegation that one who had acquired the mortgaged premises from the mortgagor orally agreed with the mortgagor to assume, and did assume, the payment of the mortgage "and thereby and otherwise became legally and equitably bound to the grantor and to the mortgagee to pay the same" is sufficient, even assuming that any allegation on the subject is necessary to permit such proof, and in the absence of any application to make the allegation more definite, to justify proof of a bond executed by the grantee of the mortgagor to the mortgagee, by which such grantee bound himself to pay any deficiency in the mortgage debt after the remedy against the land should be exhausted, as against a defendant who had assumed the payment of the mortgage by a covenant to that effect in a deed from such grantee to himself.

4. FORECLOSURE — OMISSION TO SERVE CERTAIN DEFENDANTS — JUDGMENT FOR DEFICIENCY. The objection to a judgment for deficiency in a foreclosure action, that the defendant against whom it was recovered was prejudiced by the omission to serve certain other defendants, is not tenable, when it appears that the unserved defendants had in fact no interest in the mortgaged premises; that the judgment of sale was entered upon the motion of the defendant against whom the judgment for deficiency was subsequently recovered, and that his attorney attended and bid at the sale.

*Wager* v. *Link*, 80 Hun, 601, affirmed.

(Argued October 15, 1896; decided October 30, 1896.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered July 23, 1894, which affirmed a judgment for deficiency in favor of the plaintiff and against the defendant Link entered upon the report of a referee.

This action was brought to obtain the foreclosure of a mortgage made by Jennie E. Sully and Edward P. Sully, her husband, to the plaintiff, dated February 10, 1869, to secure the payment of $5,750 in fifteen years from April 1, 1869, and

interest semi-annually, according to the condition of a bond of the same date made by the mortgagor. The mortgage was a purchase-money mortgage, given upon conveyance of the mortgaged premises by the plaintiff and his wife to Jennie E. Sully.

June 16, 1873, Jennie E. Sully and her husband conveyed the mortgaged premises to Giles B. Kellogg by a quit-claim deed, which contained no covenants. On February 17, 1874, Kellogg executed and delivered to the plaintiff his bond under seal in the penalty of $10,000, with condition for payment of "the sum of $5,750 in fifteen years from April 1, 1869, with interest payable semi-annually from October 1, 1872, on each and every first day of April and October, with the privilege to the said obligor of paying not less than $500 nor more than $1,000 on any first day of October, on giving three months' previous notice of his intention so to do (this bond being given as collateral to a bond and mortgage for $5,750, executed by Jennie E. Sully and Edward P. Sully, her husband, to said obligee, dated February 10, 1869, and the said obligor having become the owner of the mortgaged premises) in case of default in the payment of said interest or principal the said obligee, or his assigns, shall exhaust his remedy against the mortgaged premises before enforcing this bond."

By warranty deed, dated March 30, 1875, Kellogg and his wife conveyed the mortgaged premises to the defendant Thomas B. Link, in consideration of $10,000, "subject to the payment by the said party of the second part of a mortgage on said premises, held and owned by M. Francis Wager for $5,750, with interest from April 1, 1875, payable semi-annually, which said mortgage with interest as aforesaid the said party of the second part hereby assumes and agrees to pay as a part of the purchase money of said premises, and the amount of which mortgage constitutes a part of said sum of $10,000, the consideration named in this deed."

As part of the relief sought by the plaintiff, he demanded judgment against the defendant Link for any deficiency that

might remain after application of the proceeds of sale to the payment of the amount due on the mortgage.

Further facts are stated in the opinion.

*Charles E. Patterson* for appellant. The decision of the Court of Appeals, Second Division, is not conclusive upon this trial, inasmuch as the case, as now presented, introduces many new facts and many new propositions not before the court upon the former appeal. (*King* v. *Whitely*, 10 Paige, 465; *Garnsey* v. *Rogers*, 47 N. Y. 233; *Vrooman* v. *Turner*, 69 N. Y. 280; *Pardee* v. *Treat*, 82 N. Y. 385; *Turk* v. *Ridge*, 41 N. Y. 201; *Carter* v. *Holahan*, 92 N. Y. 498; 58 Hun, 272; *Durnherr* v. *Rau*, 135 N. Y. 219.) There is no privity of contract between the plaintiff and the defendant Link which will enable the former to maintain an action upon the covenant of Link to Kellogg. (*Garnsey* v. *Rogers*, 47 N. Y. 233; *Vrooman* v. *Turner*, 69 N. Y. 280; *Dunning* v. *Leavitt*, 85 N. Y. 30; *Turk* v. *Ridge*, 41 N. Y. 201; *Beveridge* v. *N. Y. E. R. R. Co.*, 112 N. Y. 26; *Whipple* v. *Mellen*, 1 Gray, 317.) The giving of the bond by Kellogg to Wager does not help the plaintiff in this action, nor give him a right to recover for any deficiency as against the defendant Link. (*Smith* v. *Cornell*, 111 N. Y. 558.; *Turk* v. *Ridge*, 41 N. Y. 201.)

*E. R. Harder* and *G. R. Donnan* for respondent. The bond was properly admitted in evidence. The bond is evidence, and it is never permissible to plead evidence. The action was brought, not on the bond, but upon the bond and mortgage. And the bond was admitted in evidence for the purpose of showing the liability, not of Link, but of Kellogg. (*Hanson* v. *Langan*, 30 N. Y. S. R. 828; Code Civ. Proc. §§ 539, 546; *Place* v. *Minster*, 65 N. Y. 89; *Wager* v. *Link*, 134 N. Y. 126; *Cohu* v. *Husson*, 113 N. Y. 662; *Leon* v. *Bernheimer*, 10 Wkly. Dig. 288; *Bate* v. *Graham*, 11 N. Y. 237; *Miller* v. *White*, 4 Hun, 62; *N. Y. I. Co.* v. *N. W. Ins. Co.*, 12 Abb. Pr. 74; *Quintard* v. *Newton*, 5 Robt. 72; *Smith* v. *Countryman*, 30 N. Y. 655; *F. &*

*C. Bank* v. *Sherman*, 33 N. Y. 60 ; *Greenfield* v. *Mass. M. L. Ins. Co.*, 47 N. Y. 430.) The evidence of Thomas B. Link was wholly incompetent, immaterial and inadmissible. (*Catlin* v. *Gunter*, 11 N. Y. 368; *Ayrault* v. *Chamberlain*, 33 Barb. 229 ; *Savage* v. *C. E Ins. Co.*, 36 N. Y. 655 ; *Morrell* v. *I. F. Ins. Co.*, 33 N. Y. 429 ; *Fry* v. *Bennett*, 28 N. Y. 324; *Rapallee* v. *Stewart*, 27 N. Y. 310 ; *Tilson* v. *Clark*, 45 Barb. 178 ; *Jacobs* v. *Remsen*, 36 N. Y. 668; *A. C. S. Inst.* v. *Burdick*, 87 N. Y. 40 ; *Jackson* v. *Andrews*, 59 N. Y. 244 ; *Hay* v. *S. F. Ins. Co.*, 77 N. Y. 235 ; *Paine* v. *Jones*, 75 N. Y. 593 ; *Avery* v. *E. L. Ass. Socy.*, 117 N. Y. 451.) Travis, Schermerhorn and Baker were not necessary parties to a complete determination of the issues of this action, either at law or in equity. (Code Civ. Proc. § 456 ; *Comstock* v. *Droham*, 71 N. Y. 9 ; *Slauson* v. *Watkins*, 86 N. Y. 601 ; *Davis* v. *Bechstein*, 69 N. Y. 440 ; Code Civ. Proc. § 1671 ; *Johnston* v. *Donvan*, 106 N. Y. 270 ; *Stuyvesant* v. *Hall*, 2 Barb. Ch. 151; *Lamont* v. *Cheshire*, 65 N. Y. 30 ; *Moyer* v. *Hinman*, 13 N. Y. 180 ; *Dwight* v. *Phillips*, 48 Barb. 116 ; *Fuller* v. *Scribner*, 16 Hun, 130 ; *Eagle F. Co.* v. *Lent*, 6 Paige, 635 ; *Frost* v. *Koon*, 30 N. Y. 428 ; *Lewis* v. *Smith*, 5 Seld. 502; *Corning* v. *Smith*, 2 Seld. 82; *Bank of Orleans* v. *Flagg*, 3 Barb. Ch. 318 ; *E. I. S. Bank* v. *Goldman*, 75 N. Y. 128.) Defendant is not in position to claim exemption from liability by reason of his assumption of the mortgage debt for a valid consideration upon his pretended plea of irregularity in the proceeding of foreclosure and sale. (*F. Nat. Bank* v. *Wood*, 71 N. Y. 412; 102 N. Y. 165 ; 30 N. Y. 79.)

ANDREWS, Ch. J.　The main controversy in this case was determined by the Second Division of this court on the former appeal (134 N. Y. 122), which was taken from a judgment adjudging that the defendant Link was not liable for any deficiency which might arise on the sale under the judgment of foreclosure. It was held by this court that the principle of equity that the creditor is entitled to the benefit of a collateral obligation for the payment of the debt,

70

received by one himself liable therefor, from a person who had undertaken to indemnify the former against his liability, applies to the situation, and that Link, who in his conveyance from Kellogg covenanted to pay the mortgage, was chargeable with any deficiency arising on the foreclosure sale. The judgment of the Supreme Court was, therefore, reversed as to the part appealed from, namely, the part exonerating Link from liability, and a new trial as to that question was awarded. Meanwhile the original judgment directing a sale of the premises (from which part of the judgment no appeal has been taken), had been executed, and the premises on the sale were bid off by the plaintiff for a sum much less than the amount unpaid on the mortgage. The courts below on the second trial followed the law as declared on the first appeal to this court and rendered judgment against the defendant Link for the deficiency as ascertained by the sale and the subsequent proceedings. It is insisted by the learned counsel for the defendant Link, that the decision on the former appeal to this court adjudging that his covenant in the deed from Kellogg inured to the benefit of the holder of the mortgage, and entitled the latter to enforce it to the extent of any deficiency arising on the foreclosure, is a departure from, or at least an extension of the doctrine of equitable subrogation as heretofore understood and applied. We are unable to concur in this contention. We think that the decision of this court on the former appeal is in precise conformity with the principle of equitable subrogation applied to the situation of creditor, and a person who has obligated himself to pay the debt by covenant, with one who had become obligated for its payment.

By the deed from Kellogg, Link acquired the legal title to the land. He assumed the payment of the mortgage as a part of the consideration of the purchase. Kellogg's title was derived under a quit-claim deed from the mortgagors, containing no covenant of assumption, and so far as appears he never entered into any covenant or agreement with them to assume or pay the mortgage. If there was nothing more, it would be plain under the decisions in this state, commencing

with *King* v. *Whitely* (10 Pai. 465), that the plaintiff would
not be entitled to enforce Link's covenant in the deed from
Kellogg. But Kellogg by his bond of February 17, 1874, exe-
cuted directly to the plaintiff, the consideration of which is
not questioned, did connect himself with the original obliga-
tion and became bound to pay the part of the mortgage debt
which should remain unsatisfied after the remedy against the
land should be exhausted. This bond, although given subse-
quently to his acquiring the title to the land, was executed
and delivered before his conveyance to Link, and it does not
admit of doubt that it created an obligation on the part of
Kellogg which could have been enforced in the present action,
if the plaintiff had made Kellogg a party, and sought relief
against him on the bond. When Kellogg took the covenant
from Link he had an interest to protect himself against his
liability on the bond. It was, it is true, a personal covenant
between Kellogg and Link. But it is generally true in cases
of assumption clauses in deeds, that the covenant is in form
between the grantee and grantor only ; but where the grantor
is bound for the mortgage debt, then equity treats it as a
covenant of indemnity to the grantor and the grantee as a
surety for the grantor against his liability for the debt, of
which relation the creditor may avail himself under the gen-
eral principle adverted to. This beneficent principle pre-
vents unnecessary litigation and appropriates the security to
reinforce the original obligation according to manifest justice
and equity.

It is urged that the fact that Kellogg's liability was not
created by his deed from the mortgagors, but by a subsequent
and independent transaction between him and the plaintiff,
renders the doctrine of *Halsey* v. *Reed* (9 Pai. 446), and the
cases following it, inapplicable. It is true that most of the
cases in which the principle has been applied in our courts
have been cases where the covenant to assume and pay the
mortgage was contained in the deed conveying the premises.
But the principle that the creditor may avail himself of the
covenant does not rest upon the fact that it was contained in

or was cotemporaneous with the conveyance of the land.
The point to be determined in each case was, whether the
grantor in the deed had incurred a personal liability to pay
the debt. If he had, it was wholly immaterial whether the
liability was created by a covenant in his deed, or by an inde-
pendent writing. It was necessary to establish his liability in
some way, for, if he was under no liability, the covenant of
his grantee did not place the latter in the position of surety
for the grantor, and the grantor being under no liability to the
creditor the covenant could not inure to his benefit. The
deeds in those cases were only important because they con-
tained the personal covenant necessary to create the liability.
But a bond or other creditor who has no security by mort-
gage, but only the personal liability of the obligor or princi-
pal debtor, may, for the same reason as in mortgage cases,
avail himself of an indemnity held by the obligor or original
debtor from a third person against his liability. So, also, the
fact that Kellogg assumed no liability to his grantors for the
mortgage debt, or otherwise by any agreement with them, is
immaterial. He incurred a liability by his bond to the plain-
tiff, subsequently given, and when he conveyed to Link he
imposed upon him the primary duty to discharge that obli-
gation as a part consideration for the conveyance. The case of
*Turk* v. *Ridge* (41 N. Y. 201) is not applicable. There the
bond was given by the grantee to the grantor, and the case
turned on the construction of the covenant, and it was held
that it was not a covenant to pay the note of the grantor held
by the plaintiff. The covenant of Link in this case was to
pay the mortgage, and no question of construction arises.

It is urged that the bond of Kellogg to the plaintiff was
improperly allowed to be proved, because the giving of the
bond was not alleged in the complaint. The complaint
alleged that on the conveyance from the mortgagors to Kel-
logg, "Kellogg orally agreed with the said Sullys to assume,
and did assume, the payment of the mortgage  *  *  *  and
thereby *and otherwise* became legally and equitably bound to
the grantors and to the mortgagee to pay the same." We

think this allegation was sufficient, in the absence of any application on the part of the defendant Link to make it more definite, to justify proof of the bond, even assuming that any allegation on that subject was necessary to permit such proof.

We think the point that the defendant was or may have been prejudiced by the omission to serve process on Baker and Schermerhorn, named as defendants in the action, is unfounded.    The judgment recited that all the defendants shown by the record to have had an interest in the mortgaged premises were served with process.    The judgment of sale was entered upon the motion of Link's attorneys, the attorneys for the plaintiff opposing.    Neither Baker nor Schermerhorn had any interest in the mortgaged premises.    They were subsequent grantees, but their deeds were not on record and they subsequently and before the commencement of the action, conveyed to other parties.    In fact all the necessary parties were joined as defendants and served with process, and a good title would be acquired by a purchaser under the judgment. The joining of Baker and Schermerhorn as defendants was unnecessary, as they had no interest in the premises.    The formal and usual allegations in the complaint that the defendants therein have or claim some interest in the premises, subject to the mortgage, is followed in a subsequent clause by a statement that Link had conveyed to Baker and Schermerhorn, and they to another person who had conveyed to the defendant Van Allen, thereby fairly defining their relation to the property.    The supposition that in bidding on the sale bidders were influenced by any notion that Baker and Schermerhorn had interests which had not been cut off by the judgment, has no support in the proof.    If such was the fact the remedy by the defendant was to apply to the court, after his liability had been adjudged, to open the sale.    His attorney was present and bid at the sale, and the judgment of sale, as has been said, was entered upon his motion.

We see no error in the judgment, and it should, therefore, be affirmed.

All concur.

Judgment affirmed.