## In re SIMPSON.

(Supreme Court, Appellate Division, Third Department. January 11, 1899.)

1. MORTGAGE—ASSUMPTION—RIGHTS OF PARTIES.

A purchaser of property assuming a mortgage thereon becomes a debtor of the mortgagee, who can enforce the collection of the debt against the person so assuming it without resort to the mortgagor or foreclosing the mortgage.

2. SAME—INSOLVENCY.

Where a corporation assumed the mortgage on realty bought, and thereafter became insolvent, and a receiver was appointed, and the holder of the mortgage foreclosed the same, and there was a deficiency, he was entitled to a dividend on the whole of his debt as it existed when the receiver was appointed, without regard to the proceeds of the mortgage sale, provided such dividend does not exceed the amount of the deficiency.

**3. RECEIVERS—COUNSEL FEES.**
>That counsel for a receiver is the latter's partner is no objection to the allowance of his attorney's fees, where it appears that the receiver is not to share in the compensation.

Appeal from judgment on report of referee.

Proceedings on objections filed by Albert Ivins Croll, Schenectady Bank, and Jonathan Levi, in the matter of the final accounting of Angel J. Simpson as assignee of the Empire State Knitting Company for the benefit of creditors. From the order overruling the objections, the objectors appeal. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Benno Loewy, for appellant Albert Ivins Croll.

S. W. & A. H. Jackson, for appellants Schenectady Bank and Jonathan Levi.

Cardozo Bros. and Zeb A. Dyer, for respondents.

HERRICK, J. The most serious contention made upon this appeal is against the allowance and payment by the receiver of a dividend to the creditor Marks upon the whole amount of his bond and mortgage, notwithstanding he had, after the appointment of the receiver, and the sale of the real estate by him, foreclosed his mortgage, and obtained judgment for a deficiency. The corporation having assumed the payment of the mortgage when it took the conveyance of the property, thereby became the debtor of the mortgagee, and said mortgagee could enforce the payment of the mortgage debt by such corporation. Burr v. Beers, 24 N. Y. 178; Thorp v. Coal Co., 48 N. Y. 253; Hume v. Hendrickson, 79 N. Y. 117; Schley v. Fryer, 100 N. Y. 71, 2 N. E. 280; Wager v. Link, 134 N. Y. 122, 31 N. E. 213; Clark v. Howard, 150 N. Y. 232, 44 N. E. 695; Wager v. Link, 150 N. Y. 549, 44 N. E. 1103. Such indebtedness is not a contingent liability of the party assuming the payment of the mortgage. By such assumption he becomes the principal debtor. Warren v. Wilder, 114 N. Y. 209–214, 21 N. E. 159. And the mortgagee can enforce its collection against the person so assuming it without resort to the mortgagor or foreclosing the mortgage. Burr v. Beers, supra; Thorp v. Coal Co., supra. At the time of the insolvency of the corporation and the appointment of the receiver herein, nothing had been realized upon the mortgage by its holder; the whole amount of it was then owing by the corporation; and the holder of the mortgage had a right to foreclose the mortgage, and, in the event of a deficiency, demand and receive a dividend upon the whole amount of his debt as it existed at the time of the appointment of the receiver, without regard to the proceeds of the sale received by him, provided such dividend did not exceed the amount of the deficiency. People v. E. Remington & Sons, 54 Hun, 505, 8 N. Y. Supp. 34; Id., 121 N. Y. 328, 24 N. E. 793; Bank v. Armstrong, 59 Fed. 372.

Objection is also made to the allowance to the partner of the receiver of a sum in compensation for legal services rendered as counsel to the receiver. While the practice of trustees employing their copartners in business as counsel in their legal matters is one not to be

commended, still when it clearly appears, as in this case, that the trustees have not and are not to share in the compensation for such services, there is no law against such employment and payment. Parker v. Day, 155 N. Y. 383, 49 N. E. 1046. I have examined the other objections raised by this appeal, and find nothing in them to call for discussion, or for a reversal of the order.

Order appealed from should be affirmed, with $10 costs and disbursements. All concur.