BERNHEIMER et al. v. BLUMENTHAL et al.

(Supreme Court, Appellate Division, First Department.   June 30, 1899.)

ASSUMPTION OF DEBT—CONSIDERATION—MORTGAGES.

An agreement by the purchaser of mortgaged property to pay the mortgage debt as part of the consideration for the sale is founded on a sufficient consideration, and may be enforced by the mortgagee.

Appeal from trial term, New York county.

Action by Simon E. Bernheimer and another against Emil E. Blumenthal and another. There was a judgment for defendants, and plaintiffs appeal.   Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Benjamin G. Paskusz, for appellants.

Maurice S. Hyman, for respondents.

INGRAHAM, J.   The plaintiffs in this action loaned to one Cohen the sum of $350, taking a promissory note, payable on demand, dated November 7, 1894; and, to secure the payment of that note, Cohen gave a chattel mortgage upon certain chattels then in his possession and owned by him.   On March 11, 1895, the defendants and Cohen called upon the plaintiffs' representative, the defendants stating that they had bought this mortgaged property from Cohen for $750, $400 to be paid in cash, and $350 to be paid by the assumption of this mortgage due to the plaintiffs; that they wanted to assume the mortgage, and inquired whether the plaintiffs would demand the payment immediately, or whether it could stand.   The plaintiffs agreed that the defendants should assume the mortgage.   Thereupon an agreement was prepared by which the defendants agreed to pay to the plaintiffs the sum of $350, that being the amount of money due on the mortgage, and to assume the payment of the said mortgage and note, and, as evidence of the indebtedness for the $350, made and delivered to the plaintiffs their promissory note for that amount.   Subsequently it appeared that the defendants were in possession of the saloon and the property mortgaged, and continued in possession down to January 23, 1896.   Prior to such day the plaintiffs demanded payment of the amount of the note from Cohen and the defendants, and, the interest due remaining unpaid, the mortgage was foreclosed and the property sold, realizing the sum of $25; and the plaintiffs bring this action to recover the balance of the amount due upon the note.   The court below dismissed the complaint upon the ground that there was no consideration for this promise to pay to the plaintiffs the amount of the note.   In this the court erred.   Cohen (the mortgagor) sold and transferred the property mortgaged to the defendants, and, as part of the consideration for such transfer, the defendants agreed to assume and pay the amount due upon the mortgage.   That assumption was reduced to writing.   The transfer of the mortgaged property to defendants was ample consideration for this promise to pay the amount due on the mortgage to the plaintiffs.   The defendants bought the property, and, as part consideration for the purchase, agreed to pay

this sum to the plaintiffs. The consideration for the promise was the purchase of the mortgaged property; and, Cohen being bound to pay this sum of money to the plaintiffs, an agreement by the defendants to assume and pay that debt was a valid contract, which could be enforced by the plaintiffs against the defendants, the defendants then becoming the principal debtor, and responsible to the plaintiffs for the amount due. As was said in Wager v. Link, 134 N. Y. 127, 31 N. E. 215:

"There was no qualification of the liability assumed by him [the defendant] making it dependent upon any condition. His grantor placed in his hands a fund treated equal to the amount of the damage debt, and upon that consideration the assumption appearing by the terms of the deed was made, and by it the defendant agreed to pay the mortgage 'held and owned' by the plaintiff. This appears to have been and it was a promise made by the defendant to Kellogg for the benefit of the plaintiff. It was made upon a consideration by which he was equipped with a fund for the purpose, and its performance would discharge his grantor from a personal obligation assumed by him to the plaintiff. This would seem to bring the defendant's undertaking or promise thus made within the principle requisite to the support of the liability of the defendant to the plaintiff."

Upon a second appeal (150 N. Y. 554, 44 N. E. 1104), in speaking of the former decision of the court of appeals, Judge Andrews says:

"We think that the decision of this court on the former appeal is in precise conformity with the principle of equitable subrogation applied to the situation of creditor and a person who has obligated himself to pay the debt by covenant with one who had become obligated for its payment."

The judgment appealed from is reversed, and a new trial ordered, with costs to the appellants to abide the result. All concur.