## KINYON INVESTMENT CO., RESPONDENT, *v.* BELMONT STATE BANK, APPELLANT.

### (No. 5,327.)

(Submitted November 20, 1923.  Decided December 17, 1923.)

[221 Pac. 286.]

*Real Property—Vendor and Purchaser—Mortgages—Assumption by Purchaser — Foreclosure — Subrogation — Extent of Liability of Purchaser—Remedies of Mortgagee.*

Real Property—Vendor and Purchaser—Mortgages—Assumption by Purchaser—Extent of Liability—Foreclosure—Subrogation.

1.  A purchaser of mortgaged property who agrees to pay the mortgage becomes liable therefor to the mortgagee (or his assignee) who, under the rule of equitable subrogation, may enforce the liability in an action against the purchaser to foreclose the mortgage, the extent of the latter's obligation being measured by the terms of the mortgage.

Same—Purchaser Assuming Mortgage—Extent of Liability.

2.  A grantee of a mortgagor who expressly assumes to pay an outstanding mortgage on the property purchased thereby also assumes the contingent personal liability to pay a deficiency judgment in case the premises fail to sell for a sum sufficient to discharge the debt and costs.

Same.

3.  Where a mortgage provides for the payment of taxes by the mortgagor and for an attorney's fee in case of foreclosure, his grantee who assumes the mortgage is liable for the payment of these items.

Same—Remedies of Mortgagee.

4.  The assumption of a mortgage debt by the grantee does not deprive the mortgagee of any remedies he may have against the mortgagor; he may enforce his right against the latter or the grantee or against both.

*Appeal from District Court, Golden Valley County; Geo. A. Horkan, Judge.*

ACTION by the Kinyon Investment Company against the Belmont State Bank and another.  Judgment for plaintiff and the named defendant appeals.  Modified and affirmed.

2.  Liability to deficiency judgment of grantee assuming mortgage on which grantor is not liable, see note in **Ann. Cas.** 1914C, 846.

*Mr. W. A. Pennington,* for Appellant, submitted an original and a supplemental brief and argued the cause orally.

*Messrs. Boarman & Boarman,* for Respondent, submitted a brief; *Mr. Marcus D. Boarman* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In February, 1919, Perry B. Wilson and wife executed and delivered to the Bankers' Farm Mortgage Company their promissory note for $2,500, due December 1, 1924, with interest at six per cent per annum. The interest payments were represented by coupons attached to the note, and these coupons became due, respectively, December 1, 1919, December 1, 1920, December 1, 1921, December 1, 1922, December 1, 1923, and December 1, 1924. To secure the payment of the principal debt and interest, Wilson and wife executed and delivered to the mortgage company a mortgage upon 320 acres of land in Musselshell (now Golden Valley) county. The note and mortgage each contained a provision that upon default in the payment of interest the holder might declare the principal and unpaid interest due immediately. The mortgage also contained a provision that the mortgagors should pay all taxes levied against the property, and upon their failure to do so the holder of the note and mortgage might pay the same, and the amount so paid should be added to the principal debt and become a lien upon the property. It also contained a provision for an attorney's fee of ten per cent in case of foreclosure.

This suit to foreclose was instituted in January, 1923. The complaint is in the usual form. It alleges that default had been made in the payment of interest due December 1, 1921, and December 1, 1922, and by reason thereof plaintiff elected to and did declare the whole amount due immediately. It is alleged further that plaintiff was compelled to pay and did pay

$224.92 taxes levied upon the property which the mortgagors had not paid. It is alleged further that the Van Duzen Oil Company has or claims to have some interest in the property. In April, 1919, the mortgage company sold, assigned and transferred the note and mortgage to this plaintiff. In July, 1922, Wilson and wife conveyed the land by warranty deed to the Belmont State Bank, subject to the mortgage debt which the bank assumed and agreed to pay.

Personal service of summons was made upon each of the defendants, but neither appeared, and the default of each was regularly entered. Thereafter evidence was heard and a decree of foreclosure rendered. The court found that the amount due was $2,954.38 and directed a sale of the property to satisfy that amount, and the following amounts: $224.92, for taxes paid, with $3.40 interest thereon; $200 attorney's fee; $17 abstract fee; and $19.20 costs. The decree provided that if the money received from the sale was insufficient to pay the several amounts above and the sheriff's costs of sale, a deficiency judgment should be entered against the Belmont State Bank for such balance. Under an order of sale the property was duly sold on April 7, 1923, for $2,500, and, upon the sheriff's return being made, a deficiency judgment for $952.94 was entered against the bank, which thereafter appealed.

Two questions are presented: (1) May plaintiff maintain this action against the bank? and (2) if it may do so, what is the measure of the bank's liability?

1. It is the general rule in this country that where one [1] purchases mortgaged premises from the mortgagor and assumes and agrees to pay the mortgage he becomes liable therefor, which liability inures to the benefit of the mortgagee who may enforce it in an appropriate action. The decided cases supporting the rule are too numerous to be cited here. They will be found collected in the notes in 21 A. L. R. 440. Upon the question: What is the appropriate form of action? the authorities are not agreed and the disagreement arises largely

from a difference of opinion as to the theory of liability and from special statutes which reflect upon the subject.

In many jurisdictions the liability is enforced in an action at law, upon the theory that the grantee's promise to pay the debt secured by the mortgage constitutes a contract between him and the mortgagor for the special benefit of the mortgagee, which the mortgagee may enforce in a direct action against the grantee. The cases supporting this view will be found cited in 21 A. L. R. 454.

In other jurisdictions, among them Arkansas, California, Michigan, New Jersey, Vermont and Virginia, the liability is predicated upon the theory that since, as between the parties to the deed, the grantee by his contract of assumption becomes the principal debtor and the mortgagor the surety, the mortgagee is entitled to the benefit of the contract under the familiar doctrine that a creditor is entitled by equitable subrogation to all securities held by a surety of the principal debtor. (*Felker* v. *Rice*, 110 Ark. 70, 161 S. W. 162; *Biddel* v. *Brizzolara*, 64 Cal. 354, 30 Pac. 609; *Williams* v. *Naftzger*, 103 Cal. 438, 37 Pac. 411; *Crawford* v. *Edwards*, 33 Mich. 354; *Kollen* v. *Sooy*, 172 Mich. 214, 137 N. W. 808; *Crowell* v. *Hospital of St. Barnabas*, 27 N. J. Eq. 650; *Green* v. *Stone*, 54 N. J. Eq. 387, 55 Am. St. Rep. 577, 34 Atl. 1099; *Biddle* v. *Pugh*, 59 N. J. Eq. 480, 45 Atl. 626; *Lamoille County S. B. & T. Co.* v. *Belden*, 90 Vt. 535, 98 Atl. 1002; *McIlvane* v. *Big Stony L. Co.*, 105 Va. 613, 54 S. E. 475; *Thacker* v. *Hubard*, 122 Va. 379, 21 A. L. R. 414, 94 S. E. 929.) This theory has been approved by the supreme court of the United States in *Keller* v. *Ashford*, 133 U. S. 610, 33 L. Ed. 667, 10 Sup. Ct. Rep. 494 [see, also, Rose's U. S. Notes]; *Union Mut. Life Ins. Co.* v. *Hanford*, 143 U. S. 187, 36 L. Ed. 118, 12 Sup. Ct. Rep. 437, and in *Johns* v. *Wilson*, 180 U. S. 440, 45 L. Ed. 613, 21 Sup. Ct. Rep 445. (See, also, 19 R. C. L., p. 375; 3 Pomeroy's Equity Jurisprudence, secs. 1206, 1207; 2 Jones on Mortgages, secs. 741, 752; *Winters* v. *Hub Min. Co.* (C. C.), 57 Fed. 287.)

In *Crowell* v. *Hospital of St. Barnabas,* above, the court said: "The right of a mortgagee to enforce payment of the mortgage debt, either in whole or in part, against the grantee of the mortgagor, does not rest upon any contract of the grantee with him, or with the mortgagor for his benefit. * * * The purchaser of lands subject to mortgage, who assumes and agrees to pay the mortgage debt, becomes, as between himself and his vendor, the principal debtor, and the liability of the vendor, as between the parties, is that of a surety. * * * In equity, a creditor may have the benefit of all collateral obligations, for the payment of the debt, which a person standing in the situation of a surety for others holds for his indemnity. * * * It is in the application of this principle that decrees for deficiency in foreclosure suits have been made against subsequent purchasers, who have assumed the payment of the mortgage debt, and thereby become principal debtors as between themselves and their grantors. * * * Recovery of the deficiency after sale of the mortgaged premises, against a subsequent purchaser, is adjudged in a court of equity to the mortgagee not in virtue of any original equity residing in him. He is allowed, by a mere rule of procedure, to go directly as a creditor against the person ultimately liable, in order to avoid circuity of action, and save the mortgagor, as the intermediate party, from being harassed for the payment of the debt, and then driven to seek relief over against the person who has indemnified him, and upon whom the liability will ultimately fall. The equity on which his relief depends is the right of the mortgagor against his vendee, to which he is permitted to succeed by substituting himself in the place of the mortgagor." That language is quoted with approval by the supreme court of the United States in *Keller* v. *Ashford,* above.

In other jurisdictions it is held that the mortgagee has the option to proceed directly against the grantee on the covenant or enforce the liability in a suit to foreclose the mortgage. (*Cooper* v. *Foss,* 15 Neb. 515, 19 N. W. 506; *Flint* v. *Winter*

*Harbor Land Co.,* 89 Me. 420, 36 Atl. 634; *Rector* v. *Lydia,* 180 N. C. 577, 21 A. L. R. 411, 105 S. E. 170; *Wager* v. *Link,* 134 N. Y. 122, 31 N. E. 213; 27 Cyc. 1351; 21 A. L. R. 460, 483.)

Neither the theory that the grantee's liability may be enforced in an action at law as upon a contract made for the special benefit of a third party, nor the theory of optional remedies can obtain in this state. By section 9467, Revised Codes of 1921, a foreclosure suit is the only form of action which can be maintained to enforce payment of a debt secured by mortgage. But our statute does lend support to the theory of equitable subrogation. Section 8209 provides: "A creditor is entitled to the benefit of everything which a surety has received from the debtor by way of security for the performance of the obligation, and may, upon the maturity of the obligation, compel the application of such security to its satisfaction." California has the same statutory provision, and concerning this rule in equity the supreme court of that state said: "This rule in equity does not depend upon the character of the liability of the principal debtor to the creditor, or upon the existence of any relation between the creditor and the surety for the principal debtor, but is founded wholly upon the right of the creditor to avail himself of whatever rights the surety has as against the principal debtor. It has been formulated in section 2854 of the Civil Code as follows:  *  *  * It is under the application of this principle that in the foreclosure of a mortgage a judgment for a deficiency may be rendered against a grantee of the mortgagor who has assumed the payment of the mortgage debt." (*Hopkins* v. *Warner,* 109 Cal. 133, 41 Pac. 868.)

Under these authorities we hold that the rule of equitable subrogation is in force in this state, and that in virtue of that rule plaintiff may maintain this action against the bank.

2. The extent of the bank's obligation is measured by the terms of the mortgage. (*The Home* v. *Selling,* 91 Or. 428, 21 A. L. R. 403, 179 Pac. 261; *Thacker* v. *Hubard,* above.)

But counsel for the bank insists that the mortgagors did not [2, 3] assume any personal liability under the mortgage; hence the bank cannot be held for a deficiency judgment. Section 8253, Revised Codes of 1921, provides: "A mortgage does not bind the mortgagor personally to perform the act for the performance of which it is a security, unless there is an express covenant therein to that effect."

In the instant case the note is made a part of the mortgage, and thereby the mortgagors did expressly covenant to pay the mortgage debt. But, aside from this consideration, section 8253 must be read in connection with section 9467, which expressly authorizes a deficiency judgment in the event the proceeds from the sale of the mortgaged property are insufficient to pay the debt and costs. In other words, although the mortgagor does not assume a primary personal liability, he is held to a contingent liability, the contingency being the failure of the mortgaged property to sell for a sum sufficient to discharge the debt and costs. (*Fast* v. *Steele,* 127 Cal. 202, 59 Pac. 585; *Biddel* v. *Brizzolara,* above.) For the same reason the grantee of the mortgagors in this instance assumed a personal liability for the amount of the deficiency judgment.

Since the bank's liability is measured by the terms of the mortgage, and the mortgage provided for an attorney's fee in case of foreclosure, and for the payment of taxes by the mortgagors, the allowance of these items was properly made. In 27 Cyc. 1355, the rule is stated as follows: "But if he [grantee] assumes the mortgage in general terms, or without restrictions, he becomes liable for all that may be actually due upon it, which may include overdue as well as accruing interest, according to the terms of the contract, and taxes on the premises which it was the duty of the mortgagor to pay, and also attorney's fees and costs of suit."

The assumption of the mortgage debt by the grantee, how-[4] ever, does not deprive the mortgagee of any remedies he may have against the mortgagor; he may enforce his right against the mortgagor, or the grantee, or against both of them.

(*Thompson* v. *Cheesman,* 15 Utah, 43, 48 Pac. 477; *Crawford* v. *Edwards,* 33 Mich. 354; 27 Cyc. 1351, 1352.)

It is conceded by counsel for plaintiff, and properly so, that error was committed in computing the amount due upon the note, and that the amount found to be due is $113 in excess of the amount actually due. It is conceded also that the charge of $17 for abstract fee and the item of $3.40, interest on taxes paid were improperly included in the judgment.

The cause is remanded to the district court, with directions to amend the decree by deducting from the amount thereof the sum of $133.40, and as thus amended it will stand affirmed, each party to pay his own costs of appeal.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, GALEN and STARK concur.