FEDERAL LAND BANK OF SPOKANE, APPELLANT, *v.* DAVIS ET AL., RESPONDENTS.

(No. 6,675.)

(Submitted November 12, 1930. Decided November 29, 1930.)

[295 Pac. 253.]

464

*Mr. Rudolph Nelstead* and *Mr. Arthur W. Ostrom,* of the Bar of Spokane, Washington, of Counsel, for Appellant, submitted a brief; *Mr. Nelstead* argued the cause orally.

*Mr. Thomas M. Murn,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This is an action to foreclose a real estate mortgage dated November 15, 1917, executed by George W. Davis and his wife to the plaintiff on a tract of farm land located in Fallon county to secure a loan of $2,500. The complaint is in usual form and alleges a breach of the covenants of the mortgage by reason of the failure of the mortgagors to pay certain installments on the mortgage indebtedness and taxes. As to the defendant, Al. Hansen, it is alleged "that on or about the 13th day of January, 1919, the defendants George W. Davis and Florence Davis, husband and wife, conveyed the premises * * * to the defendant, Al. Hansen, by a warranty deed of that date," and that as a part consideration, the defendant, Al. Hansen, assumed and agreed to pay the mortgage executed by Davis and his wife to the plaintiff. The defendant, Al. Hansen, separately appeared and demurred generally to the plaintiff's complaint, which was overruled, and he thereupon made and filed separate answer to the plain-

tiff's complaint wherein he "admits that on or about the 13th day of January, 1919, a deed of conveyance was made by George W. Davis and Florence W. Davis, husband and wife," conveying the land to him; but in that connection alleged, that the deed was executed only to secure certain money which was owed to him by Davis and wife. Further, he denied that in the warranty deed from his grantors, "he specifically assumed and agreed to pay any mortgage to the said Federal Land Bank of Spokane"; and alleged "that if there was any assumption of a mortgage" on his part, a release thereof was made by Davis and wife on the same date by a contract for a deed whereby the defendant Hansen was released and wholly exonerated from the payment of the mortgage indebtedness. The plaintiff filed its reply to the separate answer of the defendant Hansen, wherein it traversed the affirmative defenses pleaded. The cause was tried to the court without a jury, and after the conclusion thereof, the court made its findings of fact and conclusions of law, upon which judgment was duly entered decreeing a foreclosure of the mortgage, and that the defendant, Al. Hansen, is not personally liable for the judgment, or any part thereof, "and that the plaintiff is not entitled to a personal judgment against the defendant, Al. Hansen, for any sum of money remaining unpaid" on the judgment after a sale of the mortgaged premises. The plaintiff has appealed from the judgment, and the determinative question presented for decision is whether the court erred in absolving the defendant Al. Hansen from liability for payment of a deficiency judgment after sale of the mortgaged property.

It appears that on January 13, 1919, after the execution of the mortgage, the defendants Davis and wife, being indebted to Al. Hansen, on that date by a deed of warranty, conveyed to Hansen the mortgaged premises "subject to mortgage to the Federal Land Bank for the sum of $2,500, to be assumed by the second party" (Hansen). At the same time, contemporaneously therewith, the parties entered into a contract in writing whereby Hansen agreed to reconvey

the land to Davis and wife upon payment to Hansen of the sum of $415 represented by two promissory notes of even date for the sum of $207,50 each, one being made payable November 1, 1919, and the other November 1, 1920, interest bearing at the rate of ten per cent per annum, in which contract among other things it is recited: "The said premises are subject to a mortgage to the Federal Land Bank of Spokane, Wash., for the sum of $2,500.00 and the second parties [Davises] assume the payment of the same and all payments to be made thereon after the May, 1919, installment which will be paid by the first party" (Hansen). On September 24th, 1920, Davis and wife duly executed and acknowledged a quitclaim deed of the land to Hansen, without reference to the mortgage or other previous transactions respecting the property, which appears to have been regularly recorded September 28, 1920.

The rule is that, as between each other with relation to the mortgage debt, the purchaser of mortgaged land, who assumes and agrees to pay the debt, becomes the principal debtor, and the mortgagor or grantor is in the position of a surety. (*Shipman* v. *Terrill*, 84 Mont. 322, 276 Pac. 21, 24.) "When a grantee of a mortgagor takes real property subject to a mortgage, and agrees to pay such indebtedness, as between the parties, he becomes in law the primary or principal debtor of the mortgagee, while the mortgagor occupies the relation of surety. The grantee becomes a principal and controlling party to the obligation, but both are personally liable for the debt, and the mortgagee may treat both as principal debtors, and may have a personal decree against both." (*Shipman* v. *Terrill*, supra.) And the law is settled, that the grantee of a mortgagor, who expressly agrees to pay a mortgage on property purchased, thereby assumes a contingent personal liability to pay a deficiency judgment in case the property fails to sell for an amount sufficient to discharge the debt and costs incurred. (*Kinyon Inv. Co.* v. *Belmont State Bank*, 69 Mont. 282, 221 Pac. 286; *Shipman* v. *Terrill*, supra.)

"The right of a mortgagee to enforce payment of the mortgage debt, either in whole or in part, against the grantee of the mortgagor, does not rest upon any contract of the grantee with him, or with the mortgagor for his benefit * * * . In equity, a creditor may have the benefit of all collateral obligations for the payment of the debt, which a person standing in the situation of a surety for others, holds for his indemnity. * * * It is in the application of this principle that decrees for deficiency in foreclosure suits have been made against subsequent purchasers, who have assumed payment of the mortgage debt, and thereby become principal debtors as between themselves and their grantors. * * * Recovery of the deficiency after sale of the mortgaged premises, against a subsequent purchaser, is adjudged in a court of equity to the mortgagee not in virtue of any original equity residing in him. He is allowed by a mere rule of procedure to go directly as a creditor against the person ultimately liable, in order to avoid circuity of action, and save the mortgagor, as the intermediate party, from being harassed for the payment of the debt, and then driven to seek relief over against the person who has indemnified him, and upon whom the liability will ultimately fall. The equity on which his relief depends is the right of the mortgagor against his vendee, to which he is permitted to succeed by substituting himself in the place of the mortgagor." (*Crowell* v. *Hospital of Saint Barnabas*, 27 N. J. Eq. 650; *Kinyon Inv. Co.* v. *Belmont State Bank*, supra; *Keller* v. *Ashford*, 133 U. S. 610, 33 L. Ed. 667, 10 Sup. Ct. Rep. 494.)

In the case before us the district court evidently concluded, ■ and we think correctly, that the terms of the contemporaneous contract whereby the mortgagors agreed to repurchase the property from their grantee and to assume the payment of the mortgage debt, constituted a second mortgage, and left the mortgagors in their original position as principals with no right on their part to hold their vendee to the payment of the mortgage indebtedness. By reason of the terms of the contract to repurchase, the grantee named

in the deed to the property was no longer liable for payment of the mortgage debt. The mortgagors reassumed the original obligation, so that liability for the payment thereof could fall only upon them. The transaction amounted to a second mortgage on the land as security for the payment of the money due defendant Hansen from the Davises.

For the reasons stated the judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, FORD and ANGSTMAN concur.

Rehearing denied January 27, 1931.