(25 Misc. Rep. 236.)

## METZGER v. EDSON et al.

(Supreme Court, Special Term, New York County.　November, 1898.)

1. STATUTE OF FRAUDS—ORIGINAL PROMISE.

A verbal promise by an assignee of firm assets to assume a firm debt as a part consideration for the assignment is not within the statute of frauds.

2. CONTRACTS—CONSIDERATION—PLEADING.

Plaintiff alleged that he was a member of a firm, which, being "then" unable to pay a debt to defendant, transferred certain property to him in consideration of his agreement to release the debt and to pay a debt due from the firm to plaintiff. *Held*, that it could not be inferred that the property did not exceed in value the amount of the debt of the firm to defendant, and that the assumption of the debt of plaintiff was without consideration.

3. SAME—EVIDENCE—SUFFICIENCY.

A creditor taking his debtor's property under an agreement to release the debt and to pay another debt of the debtor is bound to pay the latter, though the property proves to be of less value than the amount of the former.

4. SAME.

A person making a promise, for a valuable consideration, to assume the debt of another, is bound thereby, though the creditor does not agree to release such other.

5. SAME.

One receiving firm assets under an agreement to pay the amount of a debt which one of the partners claims against the firm is bound to pay such amount, though the firm was never liable therefor.

Action by Leo Metzger against William D. Edson, Jr., and others. Plaintiff demurs to a separate defense.　Sustained.

Henry Brill, for plaintiff.

E. W. Beebe and Hugo S. Mack, for defendants.

DALY, J.　As set forth in the complaint, it appears that the firm of Edson Bros. of Philadelphia, in consideration of the transfer of the book accounts and other assets of the firm of Heismeyer & Edson, of New York, and of Heismeyer joining in such transfer, agreed with Heismeyer to release an indebtedness of $2,343.93, owing to Edson Bros. by said last-named firm, and which the latter was then unable to pay, and also agreed to pay Heismeyer the sum of $647.28, owing to him by his said firm.　This action is brought by the assignee of Heismeyer to recover the last-named sum.　The defendants, composing the firm of Edson Bros., of Philadelphia, the alleged promisors, for a separate defense, aver that the alleged promise was not in writing and was void under the statute of frauds.　Plaintiff demurs to this defense on the ground that it is insufficient in law.　The facts stated in the complaint show an original promise, not a collateral promise within the statute of frauds, and required to be in writing.　This is the case of the transfer of property by a debtor to a third person in consideration of the latter's agreement to pay the debt, and a promise to the creditor, by the transferee, to make such payment.　The transferee thereby makes the debt his own, and assumes an independent duty of payment, irrespective of the liability of the original debtor, and becomes liable for the discharge of the debt.　Bank v. Chalmers, 144 N. Y. 432, 39

N. E. 331. It is argued, however, that, the alleged creditor being a member of the firm which made the transfer, and that firm being indebted to the transferees and unable to pay them, no consideration is shown for the promise of the latter; it not being alleged that the assets transferred were more than sufficient to discharge the debt due to the transferees, and the inference from the facts being that the transferrors were insolvent. It does not follow, from the averment in the complaint that the New York firm was unable to pay the Philadelphia firm the amount due the latter, that the property transferred was not ample to satisfy both the debt owing to the Philadelphia firm and to the partner Heismeyer. The allegation is that the firm could not pay the debt "then," i. e. at the time of the transfer, and it might reasonably be inferred that, by the assignment, money to discharge the debts could be realized. An inference in favor of the adequacy of the consideration may reasonably be drawn from the transferees' unconditional promise to discharge both debts. It does not appear that there were other debts to be paid out of the assets. The promise of the transferees being absolute and unconditional, it is not necessary to show that the assets were sufficient to discharge the debts. The case, therefore, is not within the rule in Belknap v. Bender, 75 N. Y. 446, where the agreement was simply to pay out of the proceeds when realized. Bank v. Chalmers, above. There is no force in the contention that the plaintiff is bound to show that his assignor agreed to release the original debtor. The promisors having agreed to pay in consideration of the transfer of property for their own use and benefit, they become primarily liable, irrespective of the liability of the principal debtor. The fact that the debt may still subsist against the original debtor is no objection to a recovery. Clark v. Howard, 150 N. Y. 232–239, 44 N. E. 695. The relations between the promisee Heismeyer and his own firm making the transfer, so far as they might suggest the question whether he could collect the indebtedness from his firm, are immaterial as between the defendants and Heismeyer; since, under the authority cited, by their unconditional promise to him they "assumed an independent duty of payment irrespective of the liability of the principal debtor. * * * In such a case, the debt becomes that of the new party promising. His promise is not to pay the debt of another, but his own." Bank v. Chalmers, supra. Judgment for plaintiff on demurrer to separate defense, with costs.

Judgment for plaintiff, with costs.