(26 Misc. Rep. 33.)

### BRUMME v. HEROD.

(Supreme Court, Equity Term, Kings County.　November, 1898.)

1. CONTRACTS—CONSTRUCTION—VENDOR AND PURCHASER.
   A purchaser of houses, agreeing to pay "claims for materials" used in constructing them, is bound to pay a claimant to whom the vendor had previously given a mortgage as security, as the acceptance of the mortgage did not change the character of the claim.

2. SAME—ORIGINAL OBLIGATION.
   A purchaser of land taking possession thereof, and agreeing to pay "all claims" for materials furnished for buildings thereon "out of the proceeds of sale" of the land, makes an original promise, binding him to pay the claims in full, though the proceeds of the sale are less than the claims.

Action by Alfred Brumme against William Herod.　Judgment for plaintiff on demurrer.

J. F. Brush, for plaintiff.
A. M. Price, for defendant.

MADDOX, J.　By the agreement alleged in the complaint, defendant agreed "to pay all claims for material and labor furnished and delivered for the erection" of 15 buildings, in course of erection on land conveyed, in pursuance thereof, subject to all mortgages, incumbrances, and liens to him by Denike, "and all notes given to" (by) said Denike, "out of the proceeds of sale" of said houses and lots, and, after paying all indebtedness due to himself from said Denike, then to divide "any surplus" between himself and said Denike.　It is also alleged that theretofore plaintiff had sold and delivered to Denike "a large quantity of building material for the erection" of said 15 buildings, and that on

August 17, 1893, there was owing therefor, upon an account stated, $3,000; that thereafter, and before the making of the aforesaid agreement, Denike executed and delivered to plaintiff 4 bonds and 4 mortgages, covering 4 of said buildings, to secure the payment, upon demand, of said $3,000 and interest, which mortgages were thereafter foreclosed, the mortgage premises sold, and an aggregate deficiency of $1,308.10 remains unpaid; that executions have been issued thereon, and returned unsatisfied; and that said Denike is, and since the conveyance to defendant has been, insolvent. Defendant demurs to the complaint, upon the ground that it does not state facts sufficient to constitute a cause of action, contending (1) that plaintiff, having accepted the four mortgages, ceased to be a material man; and (2) that defendant's obligation, by the agreement, was to pay only from the surplus, if any, realized from a sale of the 15 houses, and that, since no surplus is alleged, no liability is shown.

As to the first contention, can it be said that, because plaintiff took the four mortgages to secure the payment, on demand, of the $3,000 and interest, thereby the character of his claim was changed? I think not. Was it not still a claim for material furnished, secured only by the mortgages? It was not a claim for money loaned, and, if the mortgages had been assailed for want of consideration, a complete answer would have been that they had been given to secure payment of a claim for material furnished. Hence my view upon that branch of the case is that the balance due plaintiff, if any, and not including the costs or expenses of the foreclosures, is still a claim for material furnished, and is within the contemplation of the agreement, as one of the "claims for material furnished and delivered for the erection of the 15 buildings."

The second point urged by the defendant, and that presenting the main question here, involves and depends upon the construction to be given to the contract upon which plaintiff relies. Is defendant's agreement to pay an original or a collateral promise? The question is not free from doubt, since the contract is ambiguous, made so by the use of the words, "out of the proceeds of the sale of said houses and lots." In consideration of defendant's agreement so to pay, said Denike agreed "to deed said 15 houses and lots to said William Herod, subject to all mortgages and incumbrances and liens, and, paying them, to divide as above any balance." Defendant took from Denike a conveyance of said property, went into possession thereof, and Denike, "ever since the conveyance," has been insolvent. Defendant's promise was "to pay all" claims for material; not so much thereof as the proceeds of sale might prove sufficient to liquidate, nor to pay only from such proceeds, but "to pay all" such claims. The use of the expression, "out of the proceeds," in my opinion, fairly implies a covenant on defendant's part to apply the proceeds to the liquidation of the indebtedness, i. e. mortgages, claims, etc., specially enumerated and referred to in the contract. In consideration of his promise, defendant received Denike's property; and the fact that no proceeds of sale have been realized in no wise lessens his liability under the contract. Thus, it seems to me plain that the intention of the parties, as ascertained from the language of the instrument and the surrounding circumstances, was that defendant's promise was and is an original and absolute one "to pay,

all claims for material." Clark v. Howard, 150 N. Y. 238, 44 N. E. 695. Plaintiff's claim is, as we have seen, one of those contemplated by the contract; and he having demanded payment thereof from defendant, as well as from Denike, he thereby accepted and adopted the promise, and may maintain this action thereon. Clark v. Howard, supra.

Judgment is therefore directed for plaintiff upon the demurrer, with costs, but with leave to defendant to plead over upon payment of costs.