THIRD NAT. BANK OF CITY OF NEW YORK v. TRAVELERS' INS. CO.

(Supreme Court, Appellate Division, Second Department.    March 7, 1899.)

BOND—CONSTRUCTION—GUARANTY.

Defendant T. deposited $10,000 in the N. Bank, to the credit of the S. Bank, which, unknown to N., was to be paid by S. to one to whom T. was loaning it.    After S. had drawn $1,800 thereof, it failed.    Thereupon N. paid back to T. the $10,000 on T. executing to N. a bond reciting such facts, and that whereas S. was indebted to N. in the sum of $15,000, including said $1,800, to secure which N. held certain collaterals, and whereas T. had requested that the entire $10,000 be returned to it, and N. was willing to do so provided T. would indemnify it against all claims thereto by S., and would repay to N. such portion of the $15,000, not exceeding $1,800, as it might not collect from S. or realize from the securities within a year, therefore the condition of the bond was that if T. should indemnify and save harmless N. from and against all claims by reason of the return of said money, and should, on demand, pay such portion of the $15,000, not exceeding $1,800, as N. might not, in fact, collect within a year, then the obligation to be void.    *Held*, that there was no guaranty of collection, and that on N. failing to collect within the year, and making demand, the obligation of T. became fixed.

Appeal from trial term, New York county.

Action by the Third National Bank of the City of New York against the Travelers' Insurance Company.    From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.    Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Albert Stickney, for appellant.
Thomas G. Shearman, for respondent.

HATCH, J.    The facts which form the basis of this action are without dispute.    The defendant deposited with the plaintiff the sum of $10,006.67, to the credit of the Bank of Salt Lake, located in Salt Lake City, Utah.    This money was to be drawn by the latter bank for the purpose of delivery to the borrowers thereof in Utah, the bank acting as agent therefor.    The plaintiff had no notice of the purpose for which the money was deposited, and was not informed of any restriction upon the use of the money by the Bank of Salt Lake. The latter, in violation of its duty, drew a draft upon such fund for the sum of $1,822.31.    This draft the plaintiff paid.    Subsequently, and before any more of the deposit was drawn out, the Bank of Salt Lake failed, and made an assignment of all its property for the benefit of creditors.    After this assignment, the defendant applied to the plaintiff to repay to it the whole sum of the deposit, including the amount of the draft drawn by the Salt Lake Bank.    This the plaintiff

consented to do upon defendant executing and delivering to it a bond conditioned to repay the sum which had been drawn from the fund. The bond was executed and delivered.    It recites the foregoing facts, and also recites and provides further as follows:

"And whereas, the said Bank of Salt Lake is indebted to the said Third National Bank in the sum of $15,555.03, including the said sum of $1,822.31 above mentioned, with interest from July 2, 1896, to secure which indebtedness the said Third National Bank holds certain securities as collateral; and whereas, the said Travelers' Insurance Company has requested that the whole of the said sum of $10,006.67 be returned to it, and the said Third National Bank is willing to comply with such request, provided the Travelers' Insurance Company will indemnify it against all claims to the said sum by the said Bank of Salt Lake, or its legal representatives, and will repay to the Third National Bank such portion of the said sum of $15,555.03, not exceeding $1,822.31 and interest, as it may not collect from the said Bank of Salt Lake, or realize from the said collateral security held by it, within twelve months from the date hereof: Now, therefore, the condition of the above obligation is such that if the said Travelers' Insurance Company, its successors or assigns, or any of them, shall indemnify and save harmless the said Third National Bank of the City of New York, its successors and assigns, from and against any and all claims, demands, suits, actions, damages, costs, charges, liability, and expenses, by reason of the return of the said sum, and, in addition, shall well and truly pay, upon demand, such portion of the said sum of $15,555.03, not exceeding $1,822.31 and interest, as the said Third National Bank of the City of New York may not, in fact, collect within twelve months from the date hereof, from the said Bank of Salt Lake or from the said collateral securities, then this obligation is to be void; otherwise, to remain in full force."

The plaintiff having failed to collect any part of the sum of $1,822.31 within the time specified in the bond, it made a demand upon the defendant for repayment of the sum, and, that being refused, brought this action.    It is not at all difficult to comprehend the attitude that these parties bore to each other upon the failure of the Bank of Salt Lake, or the motive which prompted the defendant to ask of the plaintiff that it return the whole of the original deposit. As these parties stood at this date, the Bank of Salt Lake was a debtor to the defendant in the sum of its draft upon the fund.    With this debt the plaintiff was not at all concerned.    It was not a creditor of any person or corporation for its amount, and it was indebted to no one on account of the payment of that draft.    It stood indifferent as between the Bank of Salt Lake and the defendant.    It was required to do nothing except to pay over to the owner the balance of the fund when that should be demanded.    Under these circumstances, the defendant did what many persons have done under similar conditions.    Recognizing the fact that the plaintiff had greater facilities for the collection of the money than it had, and was much more likely to collect than it was, it proposed to the plaintiff that all the money be returned to it, that the Bank of Salt Lake might become its debtor, and it undertake the burden of collection.    There is nothing in the bond providing that the plaintiff should be paid anything for making the collection, nor does it elsewhere appear, or that it received any consideration for paying over the money, except the promise to repay upon demand if the money was not collected within the year. The whole transaction was therefore a gratuitous undertaking upon the part of the plaintiff to enable the defendant to recover its money. In the light of these circumstances, this undertaking is to be con-

strued; and it may be observed in this connection that the defendant ought not to be heard to insist upon exoneration from liability, unless it be very clear that it is so entitled. The defendant insists that the instrument is a guaranty of collection, and that diligence is shown to have been lacking in this respect whereby liability is avoided. The plaintiff insists that the undertaking is a primary obligation to pay if collection was not had, and, this having failed, liability became fixed when the demand for payment was made. We think the latter contention is to be supported. When the money was paid over to the defendant, it became indebted to the plaintiff in that amount. The undertaking of the plaintiff was to collect, if it could, within the year, and, failing so to do, that the defendant would pay. The relation which existed, and the fact that the plaintiff delivered in full the money to the defendant, excludes a construction that the instrument was one of guaranty. As between the parties hereto, the relation was that of debtor and creditor, and the defendant was primarily liable for the debt.

Authority is abundant in support of this view. Mallory v. Gillett, 21 N. Y. 412; Clark v. Howard, 150 N. Y. 232, 44 N. E. 695. It is always competent to show what is the real relation between the parties in order to determine the character of the liability. Bank v. Kaufman, 93 N. Y. 273. As we have before observed, the facts are without dispute, are recited in the bond, and they conclusively establish that the debt was at all times the debt of the defendant, not changed or modified by any fact, except that the plaintiff gratuitously undertook to collect the debt from another, in relief of the defendant, if it could. It would be a singular rule of law that would now require it to lose the money because it could not collect it from the party indebted to the defendant. The claim of the defendant that the plaintiff might secure double payment by settling with the Salt Lake Bank or the other persons upon the note within the year, and postpone payment until after the period mentioned in the bond, is, to our minds, fanciful in the extreme. Such a course, if intentional, would be a fraud upon the defendant, and the payment would, in any event, inure to its benefit. After payment of the money secured by the bond, if the plaintiff by any means should receive this money, it would not be its money, but the money of the defendant; and, if it sought to retain it, action would lie therefor at the suit of the defendant.

As no defense to this action has been shown, the judgment should be affirmed. All concur.