HENRY DOSCHER and Others, as Executors, etc., of CLAUS DOSCHER, Deceased, Respondents, v. OBERMEYER & LIEB- MANN, a Domestic Corporation, Appellant.

Second Department, March 16, 1917.

Contracts — liability of purchaser of property to holder of mortgage under agreement to assume and pay mortgage — doctrine of Lawrence v. Fox applied — liability for amount of deficiency judgment — evidence.

Where a purchaser of property as part of the consideration agrees and assumes payment of a mortgage of the vendor, the holder of the mortgage upon discovery of said agreement may recover from such purchaser, under the doctrine of *Lawrence* v. *Fox* (20 N. Y. 268), the deficiency resulting upon the foreclosure of the mortgage and the sale of the property.

In an action to recover such amount under said agreement an objection by the defendant that it was not a party to the foreclosure proceedings is not available, although it might have been urged in an action involving title to the property.

A prior judgment reforming the agreement was admissible ·in order to determine what the agreement was as reformed by the court.

APPEAL by the defendant, Obermeyer & Liebmann, from a judgment of the Supreme Court in favor of the plaintiffs,

entered in the office of the clerk of the county of Kings on the 4th day of March, 1916, upon the verdict of a jury rendered by direction of the court, both sides having moved for the direction of a verdict at the close of the case, and also from an order entered in said clerk's office on the 3d day of March, 1916, denying defendant's motion for a new trial made upon the minutes.

*Otto Horwitz* [*George H. Engelhard* with him on the brief], for the appellant.

*Henry F. Cochrane,* for the respondents.

Judgment and order affirmed, with costs, on the opinion of Mr. Justice CALLAGHAN at Trial Term.

THOMAS, STAPLETON, MILLS and RICH, JJ., concurred; CARR, J., not voting.

The following is the opinion delivered at Trial Term:

CALLAGHAN, J.:

The facts in this case bring it clearly within the doctrine laid down by the Court of Appeals in the case of *Lawrence* v. *Fox* (20 N. Y. 268). In 1902 the Frank Ibert Brewing Company executed its bond and a mortgage covering certain of its property and plant in the sum of $110,000 to Claus Doscher. Payment of that mortgage, together with the bond accompanying the same, was duly guaranteed by Frank Ibert. Thereafter the said mortgage was reduced to $100,000. In 1911 representatives of Frank Ibert, deceased, and the Frank Ibert Brewing Company, and the defendant Obermeyer & Liebmann, entered into an agreement which, as reformed by this court, provided that the Frank Ibert Brewing Company agreed to sell all the property of the Frank Ibert Brewing Company to the defendant, and the defendant agreed to and did assume payment of various obligations of the Frank Ibert Brewing Company and of Frank Ibert, including this mortgage for $100,000. A part of that agreement is as follows: "*Seventh.* It is expressly understood and agreed that as part of the consideration for the

sale to it of the property of the Frank Ibert Brewing Company, that Obermeyer & Liebmann, the party of the second part, is to assume, pay and discharge a mortgage of $100,000 mentioned and referred to in the schedule of liabilities of the Frank Ibert Brewing Company, * * * which said mortgage is held by the executors of Claus Doscher." Prior to the making of that agreement the representatives of Claus Doscher, deceased, brought an action against the Frank Ibert Brewing Company and others, to foreclose the said mortgage. The property covered by that mortgage was sold and a deficiency judgment entered thereon, and it is to recover the amount of that deficiency judgment that this action is brought. Obermeyer & Liebmann were not parties to the foreclosure suit and the representatives of Claus Doscher were not parties to the action brought to reform the contract between the Iberts and this defendant. During the pendency of the action to foreclose said mortgage notice was given to this defendant by the Iberts of the pendency of that action and that it was the intention of the Iberts to hold Obermeyer & Liebmann liable for any deficiency upon the said bond and mortgage. Upon the trial of this action judgment was directed for the plaintiff, and decision reserved upon the motion to set aside the verdict. We have in this case a promise made by Obermeyer & Liebmann supported by a valuable consideration to the Frank Ibert Brewing Company and the representatives of Frank Ibert, deceased, for the benefit and to the advantage of Claus Doscher, which brings the case clearly within the doctrine of *Lawrence* v. *Fox*, and, so far as I have been able to ascertain, the principle laid down in that case has not been overruled. In the case of *Clark* v. *Howard* (150 N. Y. 232) the Court of Appeals reaffirmed that doctrine. It appeared in that case that there was an indebtedness from one Hoyt to Clark, and Hoyt being indebted to one Howard executed and delivered to him a written agreement reciting the indebtedness to Clark and stating that for the purpose of securing and paying the debt to Clark he had sold the defendant his goods, accounts, fixtures, etc., and further provided that in consideration of said agreement the said Howard agreed to guarantee to the said Clark the payment of the money owed by Hoyt. At the time of its making Clark knew

nothing of the agreement between Hoyt and Howard. Plaintiff was allowed a recovery. As in that case, Doscher knew nothing of the agreement between the Iberts and this defendant, but he could avail himself of the benefit of the agreement upon learning of it. The defendant seriously objected to the admission of the judgment of reformation in the action brought by the Iberts against Obermeyer & Liebmann, but the reception of that judgment is justified and was necessary in order to determine what the agreement was between the Iberts and this defendant as reformed by the court. The judgment could not be received as in any way binding upon this defendant. The defendant urges further that it was not a party to the foreclosure proceeding and that it cannot be held for the deficiency judgment. As has already been pointed out, this action is not to recover a deficiency judgment. It is simply to recover the amount of that judgment which is the balance due plaintiffs after exhausting the security furnished by the mortgage and which this defendant has promised and agreed to pay. The objection urged might be available in an action involving title to the property, but cannot be urged here. The defendant had notice of the pendency of that suit and could, if it so desired, knowing that it was liable for the amount of a deficiency which might be entered, have applied to be made a party or have attended upon the sale of the property and protected its rights, which would have been the only remedy open to it if it had been a party to the action. Motion to set aside the verdict is denied. Stay of thirty days after judgment and service of a notice of entry thereof and sixty days to make a case. The order to be entered herein may provide for a denial of the defendant's motions. Enter order upon notice.